IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAMONT JOHNSON,

        Plaintiff,                  No. CIV.S. 09-0155 LKK GGH PS

    vs.

VICTORIA INSURANCE GROUP, et al.,      ORDER AND FINDINGS AND

        Defendants.               RECOMMENDATIONS

_____/

        Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        Determining plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

Plaintiff alleges that defendant Bell caused plaintiff injuries when he slammed his car into plaintiff's car. The first cause of action is for negligence. The second cause of action is that Bell committed mail and wire fraud under 18 U.S.C. §§ 1341 and 1343 when he misrepresented to his insurance company that plaintiff caused the collision, and misrepresented

1  that there were no injuries or damages and that each party had decided to go his own way.
2  Plaintiff alleges that these false misrepresentations were part of Bell's scheme to defraud plaintiff
3  from receiving damages for the collision. The third cause of action is for conspiracy by
4  defendant's car insurance company, Victoria Insurance Group. Plaintiff alleges that this
5  defendant had a policy to delay and deny insurance claims, and force victims into settling for a
6  lower amount. The complaint seeks damages only.

7  The court has been unable to determine a jurisdictional basis for this action. A
8  federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by
9  the Constitution and by Congress. See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377,
10  114 S. Ct. 1673, 1675 (1994). U.S. Const. Art. III, § 1 provides that the judicial power of the
11  United States is vested in the Supreme Court, "and in such inferior Courts as the Congress may
12  from time to time ordain and establish." Congress therefore confers jurisdiction upon federal
13  district courts, as limited by U.S. Const. Art. III, § 2. See Ankenbrandt v. Richards, 504 U.S.
14  689, 697-99, 112 S. Ct. 2206, 2212 (1992). Lack of subject matter jurisdiction may be raised at
15  any time by either party or by the court. See Attorneys Trust v. Videotape Computer Products,
16  Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

17  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal
18  question" and "diversity" jurisdiction, respectively. Statutes which regulate specific subject
19  matter may also confer federal jurisdiction. See generally, W.W. Schwarzer, A.W. Tashima & J.
20  Wagstaffe, Federal Civil Procedure Before Trial § 2:5. Unless a complaint presents a plausible
21  assertion of a substantial federal right, a federal court does not have jurisdiction. See Bell v.
22  Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945). A federal claim which is so insubstantial as
23  to be patently without merit cannot serve as the basis for federal jurisdiction. See Hagans v.
24  Lavine, 415 U.S. 528, 587-38, 94 S. Ct. 1372, 1379-80 (1974).

25  The only reference to federal law in the complaint is the second cause of action,
26  for mail and wire fraud. There is no private right of action for mail fraud under the criminal

| 1 | federal wire fraud statute, 18 U.S.C. § 1341.  <u>Wilcox v. First Interstate Bank of Oregon, N.A.</u>,
| 2 | 815 F.2d 522, 532 n. 1 (9th Cir. 1987).  Because the purported federal claims will have to be
| 3 | dismissed, and plaintiff would be left with only state law claims, there is no federal jurisdiction.
| 4 | The complaint is also not based on diversity jurisdiction.  Because amendment
| 5 | would not cure the jurisdictional defect based on the set of facts presented by plaintiff, plaintiff
| 6 | will not be given the opportunity to amend his complaint.
| 7 | Accordingly, IT IS ORDERED that plaintiff's request to proceed in forma
| 8 | pauperis is granted.
| 9 | For the reasons stated herein, IT IS RECOMMENDED that this action be
| 10 | dismissed with prejudice for lack of subject matter jurisdiction.
| 11 | These findings and recommendations are submitted to the United States District
| 12 | Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
| 13 | twenty days after being served with these findings and recommendations, plaintiff may file
| 14 | written objections with the court.  The document should be captioned "Objections to Magistrate
| 15 | Judge's Findings and Recommendations."   Plaintiff is advised that failure to file objections
| 16 | within the specified time may waive the right to appeal the District Court's order.

DATED: April 14, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076
Johnson0155.fr.wpd